OSCAR F. BRAVO, Petitioner, v. DISTRICT COURT OF MAYAGÜEZ, JUDGE CHARLES E. FOOTE, Respondent.

No. 497. Argued November 16, 1925.—Decided December 21, 1925.

MUNICIPAL COURTS—DEBT—CONTRACT — JURISDICTION — SPECIAL PROCEEDINGS.—
The proceeding established by Act No. 10 of 1921 is not limited to civil cases arising on contracts for the recovery of money, but extends also to any action wherein the plaintiff prays for judgment against the defendant for a sum of money or an amount in money, whether the action is brought on a contract or a quasi-contract.

District Court of Mayagüez, Charles E. Foote, J. Certiorari to review judgment for the defendant. Reversed.

José Sabater for the petitioner. The respondent did not appear.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This case involves the interpretation of Act No. 10 of 1921 (p. 112) establishing special proceedings in the municipal courts of the Island.

Under the said act the petitioner brought an action in the Municipal Court of Mayagüez against Juan Carlo Ra-

mírez to recover the sum of seventy dollars as damages caused by the defendant's truck, which was being negligently driven, in striking an ox of the plaintiff and breaking its right horn.

The defendant demurred to the complaint on the ground that it was an action for damages and not an action to recover money. The court sustained the demurrer. The plaintiff appealed to the district court and it affirmed the ruling of the municipal court, whereupon the plaintiff brought the case to this court on certiorari.

The defendant has entered no appearance here. The judgments of the municipal and district courts are not accompanied by opinions. Only the petitioner's brief is before this court.

Act No. 10 of 1921 is entitled "An Act establishing special proceedings in the municipal courts of Porto Rico, and for other purposes," and its section 1 is as follows:

"In all civil cases to recover money involving an amount not greater than one hundred (100) dollars or concerning a partnership contract involving an amount of not more than one hundred (100) dollars, the defendant may file a simple complaint in the municipal court having jurisdiction in the matter and the judge of said court shall issue a summons to the parties interested, together with a copy of the complaint, for such parties to appear within three days after such summons should the defendant reside within the municipal district, and within six days in other cases. If the defendant resides outside of Porto Rico, summons shall be served through edicts pursuant to the Code of Civil Procedure and the trial shall be held within five days after the publication of the last edict."

The argument of the petitioner is set forth in the following paragraphs of his brief:

"It must be taken into account that the new system of procedure has abolished the distinction between actions at law and suits in equity and although the nature of the action must result from the facts alleged in the complaint or petition, it is elemental in the subject of procedure that we have to give no special name to the action; and when the legislators said in this case that the action could be

maintained in ALL CIVIL CASES TO RECOVER MONEY INVOLVING AN
AMOUNT NOT GREATER THAN ONE HUNDRED DOLLARS, it was equiva-
lent to saying in all actions wherein the plaintiff prays for a judg-
ment against the defendant for a sum of money or an amount in
money and not other property.

 *  *  *  *  *  *  *

"It seems that there is confusion between the expressions 'cause
of action' and 'remedy.' The cause of action is the right to be
enforced or the injury to be redressed; the remedy is the MEANS
which the law has provided whereby such enforcement or redress
may be effected. Cyc., vol. 1, page 643.

"The Legislature of Porto Rico established by Act No. 10 of
1921 a proceeding, a means, of *recovering* MONEY in *all civil cases*
when the amount claimed is not greater than $100.00; and it said
nothing about the kind of 'cause of action' to which that law of pro-
cedure or remedy is applicable."

Although it is easily perceived that the strict interpreta-
tion of the district court is not groundless, we believe that
the liberal interpretation contended for by the petitioner
should prevail.

The Act says "in all civil cases to recover money in-
volving an amount not greater than one hundred dollars."
Upon an examination of Escriche's Dictionary of Legisla-
tion and Jurisprudence no such heading is found as *recov-
ery of money*. On *action* it contains twenty-one pages and
among the twenty-six different *actions* considered therein
there is no mention of *recovery of money*. In treating of
*civil actions* and *criminal actions* in general it says in part:
"A civil action arises from the right in the thing and from
the same sources as the obligation, that is, not only from
contracts and agreements and from the law, but also from
crimes and torts. Criminal actions arise only from crimes."
The words *recover money* used by the legislators should
be interpreted in connection with the preceding words *all
civil cases*. And if we find that the words "all civil cases"
were used in the sense of "all civil actions," we shall have
to conclude that the proceeding established is not limited
to all civil cases to recover money arising, for example, from

a promissory note, a liquidated current account or an acknowledged debt, but that they include a civil case to recover money for damages caused to person or property. If the Act had said "in all civil cases arising from a contract to recover money" our conclusion would be different.

The English text of the Act is as follows: "In all civil cases to recover money involving an amount not greater than one hundred dollars . . . ." In Words & Phrases Judicially Defined, vol. 1, page 143, we find the following:

"The words 'recovery of money,' as used in the statutes authorizing an attachment in a case for the recovery of money, include an action for wrong, as well as an action on a contract. An action of assault and battery is as much an action for the recovery of money as an action for the breach of a contract, and the amount claimed, and the grounds thereof, can as well be stated in the former case, and with as much certainty, as can the claim for unliquidated damages in the latter. Floyd v. Blake (N. Y.) 11 Abb. Prac. 349, 351."

Although this case involves a small sum of money it is important because it interprets a law applied yearly to the decision of hundreds of cases in the municipal courts of the Island, and we would have desired to have the benefit of a full discussion by the parties. The history of American jurisprudence shows the very essential part that the labor of lawyers has had in its formation. If each party argues fully the law, the jurisprudence and the reasoning on each side of the question involved, the work of the appellate court is simplified and may be done in all respects more conscientiously and with more certainty of justice.

Since we are interpreting Act No. 10 of 1921, we desire to say that in the English text the Spanish words *"o concerniente a contrato de aparcería"* are translated "or concerning a partnership contract." The English text is too general. Escriche, the authority already cited, defines *"aparcería"* as follows: "A contract or agreement of those who work for a share in some profit, principally in the cultivation of land or in cattle raising. For example, if the

owner of a farm leases it, not for a money rent, but for a share of the products, and not for an aliquant part consisting of a certain determined quantity such as ten quarters or bushels, but for an aliquot part, as a half, a third or a fourth, it is a cropping contract (*aparceria*), which is something like a company or partnership, because one contributes the thing and the other the industry for the purpose of obtaining a common profit." Escriche, Dictionary of Legislation, vol. 1, page 569. Therefore, the reference is to a certain kind of partnership, but not to all partnerships, as the English text indicates.

For the foregoing reasons the judgment of the lower court is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Mr. Justice Wolf took no part in the decision of this case.

---

NOTE.—Corpus Juris (vol. 3, p. 250) defines *aparceria* as follows: "In Spanish law an arrangement for the cultivation of land on shares."